UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X

RAMON TRINIDAD aka RAMON DIAZ
TRINIDAD,

                 Plaintiffs,
- against -

CITY OF NEW YORK, CITY OF NEW YORK
POLICE DEPARTMENT, JOHN/JANE DOES are
unknown named NYC Police Officer and
supervisory offices, including 83rd Commander
JOHN BAMBURY, and MIGDALIA F.
RODRIGUEZ,

                 Defendants.

**MEMORANDUM
AND ORDER**

CV-06-3002 (BMC)(LB)

------------------------------------------------------------X

**COGAN**, District Judge

    Plaintiff Ramon Trinidad, appearing *pro se*, brings this action pursuant to 42 U.S.C. §§ 1983, 1981 and 1982. Plaintiff alleges federal civil rights violations and state law claims for false arrest, false imprisonment, malicious prosecution, abuse of process, intentional infliction of emotional distress, negligence, and stalking. Complaint at 1. He seeks $6 million in compensatory and punitive damages. The Court grants plaintiff's request to proceed *in forma pauperis*.

## BACKGROUND

    Plaintiff alleges that on or about June 2005, Migdalia F. Rodriguez filed a false criminal complaint against him alleging that he had stolen a chain from an infant. Plaintiff alleges he was falsely arrested when he voluntarily appeared at the 83rd Precinct and that he was detained for approximately 47 hours. Complaint at 5, ¶ 28. Plaintiff further alleges that he was acquitted of all the charges brought against him on May 5, 2006 and that police officers should have known

that Rodriguez had lied about the incident and that there was no probable cause to arrest him. Plaintiff now sues the individual who filed the complaint, the City of New York, the City of New York Police Department and the police officers involved in his arrest.

## DISCUSSION

### I. Standard of Review

Pursuant to the *in forma pauperis* statute, the Court shall dismiss the case at any time if it determines that the action "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Because plaintiff is proceeding *pro se*, the Court "must construe [the complaint] broadly, and interpret [it] to raise the strongest arguments that [it] suggests." Cruz v. Gomez, 202 F.3d 593, 597 (2d Cir. 2000); see also McEachin v. McGuinnis, 357 F.3d 197, 200 (2d Cir. 2004).

### II. Claims Against the New York City Police Department

To the extent plaintiff seeks to sue the New York City Police Department (NYPD), 83rd Police Precinct, the claim is dismissed. The New York City Charter provides that "[a]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the [C]ity of New York and not that of any agency, except where otherwise provided by law." N.Y.C. Charter, Ch. 17, § 396. As an agency of the City of New York, the New York City Police Department (NYPD) "lacks independent legal existence and is therefore not a suable entity." Flemming v. New York City, No. 02 Civ. 4113 (AKH), 2003 WL 296921, at *2 (S.D.N.Y. Feb. 11, 2003); Bailey v. New York City Police Dep't, 910 F.Supp. 116, 117 (E.D.N.Y. 1996). Thus, the complaint is dismissed as to the NYPD.

## III. Section 1983

In order to maintain an action under § 1983, a plaintiff must allege two essential elements. First, that "the conduct complained of must have been committed by a person acting under color of state law." Pitchell v. Callan, 13 F.3d 545, 547 (2d Cir. 1994). This requirement excludes from the reach of § 1983 private conduct, "however discriminatory or wrongful." American Manufacturers Mutual Ins. Co. v. Sullivan, 526 U.S. 40, 50 (1999)(quotation omitted). Second, that "the conduct complained of must have deprived a person of rights, privileges or immunities secured by the Constitution or laws of the United States." Id. Section 1983 itself creates no substantive rights; "it provides only a procedure for redress for the deprivation of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993). As for plaintiff's related state law claims, the Court may decline to exercise jurisdiction over the state law claims if the federal claims against defendants are dismissed. See Valencia v. Sung M. Lee, 316 F.3d 299, 305 (2d Cir. 2003), *quoting* Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 350 n.7 (1988).

### A. Claims against Migdalia F. Rodriguez

A claim for relief under § 1983 must allege facts showing that the defendant acted under color of a state "statute, ordinance, regulation, custom or usage," 42 U.S.C. § 1983, and private parties, thus, are not generally liable. Rendell-Baker v. Kohn, 457 U.S. 830, 838-42 (1982); Flagg Bros. Inc. v. Brooks, 436 U.S. 149, 155-57 (1978); Moose Lodge No. 107 v. Irvis, 407 U.S. 163, 173 (1972); Adickes v. S.H. Kress & Co., 398 U.S. 144, 152 (1970). "[P]roviding information to a police officer does not by itself make [defendant] a joint participant in state action under Section 1983." Ginsberg v. Healey Car & Truck Leasing, Inc., 189 F.3d 268, 272 (2d Cir. 1999) (citation omitted). In order to make out a claim under § 1983 against a private

3

actor, the actions of the private defendant must be "fairly attributable to the State." West v. Atkins, 487 U.S. 42, 49, 108 S.Ct. 2250, 2255 (1988) (citation omitted). It is not enough that a private individual resorted to government officials for assistance or participated in court proceedings to make the party a co-conspirator and joint actor with the state. Dennis v. Sparks, 449 U.S. 24, 27-29, 101 S.Ct. 183, 186-187 (1980).

There is nothing in the complaint to suggest that Migdalia F. Rodriguez is a state actor. Plaintiff alleges that Rodriguez filed a false criminal complaint against him in order to get attention. Complaint at 3, ¶10. Plaintiff also makes conclusory allegations that the arresting officers and Rodriguez were responsible for the destruction of unidentified evidence in connection with his arrest. Complaint at 3, ¶13. Although a conspiracy between Rodriguez and the officers may raise the specter of her actions being under "color of law," no such allegations are made in the complaint. Although Plaintiff alleges a conspiracy, it is between and among unknown police officers to "search neighborhoods and seek out and arrest, ticket and .... handcuff said persons behind the back." Complaint at 22-24. As discussed below, these allegations appear to be from some other complaint and unrelated to the arrest at issue here. Plaintiff does not allege an agreement between Rodriguez and any police officers in connection with plaintiff's arrest.

Thus, plaintiff has fails to state a claim for § 1983 liability as to Rodriguez. Therefore, such claim is hereby dismissed with 30-days leave to file an amended complaint to replead this claim.

B.  **Claims against the City of New York**

Plaintiff seeks to hold the City of New York liable for the alleged false arrest. Pursuant to the Supreme Court's holding in Monell, the City can only be held liable if its "policy or

4

custom, whether made by its lawmakers or by those whose edicts or acts may fairly be said to represent official policy, inflicts the injury." Monell v. Dept. of Soc. Servs., 436 U.S. 658, 694, 98 S.Ct. 2018 (1978); Amnesty America v. Town of West Hartford, 361 F.3d 113, 124-25 (2d Cir. 2004). "Demonstrating that the municipality itself caused or is implicated in the constitutional violation is the touchstone of establishing that a municipality can be held liable for unconstitutional actions taken by municipal employees." Amnesty America, 361 F.3d at 125. The municipality cannot be held liable simply on a theory of *respondeat superior*. Monell, 436 U.S. at 694.

Although a plaintiff need not show the existence of an explicitly stated rule or regulation, the plaintiff cannot prevail where there is no evidence supporting an inference that an official policy or custom caused the denial of a constitutional right. See Zahra v. Town of Southold, 48 F.3d 674, 685 (2d Cir. 1995) (rejecting municipal liability where the "record [was] devoid of any evidence from which a reasonable juror could have inferred the existence of a municipal policy" that caused the violation of a constitutional right). A plaintiff is required to allege both the existence of a policy or custom within the meaning of Monell, and a causal connection between the policy and the unconstitutional conduct. Perez v. City of New York, No. 97-cv-2915, 2002 WL 398723, *2 (E.D.N.Y. March 14, 2002).

Here, notwithstanding plaintiff's conclusory claims of a policy or custom, he has not identified a policy or custom that existed at the time of the incident; rather, plaintiff has alleged a single incident that occurred in June 2005. A single incident alleged in a complaint, especially a single incident involving only actors below the policymaking level, generally will not suffice to raise an inference of the existence of a custom or policy. Dwares v. City of New York, 985 F.2d 94, 100 (2d Cir. 1993) (citations omitted). Moreover, plaintiff fails to allege, even in conclusory

5

fashion, a policy that caused his alleged false arrest. Indeed, the main cause pointed to by plaintiff is the filing of a false claim by Rodriguez.

Thus, plaintiff has fails to state a claim for municipal liability. Therefore, such claim is hereby dismissed with 30-days leave to file an amended complaint to replead this claim.

### C. Claims against 83rd Commander John Bambury and Unknown Supervisory Officers

As a prerequisite to an award under § 1983 against an individual, a plaintiff must allege that individual's direct or personal involvement in the alleged constitutional deprivation. Wright v. Smith, 21 F.3d 496, 501 (2d Cir. 1994). It is well-settled that liability for damages in a § 1983 action may not be based on the *respondeat superior* or vicarious liability doctrines. Monell, 436 U.S. at 691; Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002) ("A supervisor may not be held liable under section 1983 merely because his subordinate committed a constitutional tort."). Here, plaintiff fails to allege any facts demonstrating that defendant John Bambury, 83rd Precinct Commander, or any other supervisory officers had any direct involvement with, knowledge of, or responsibility for the alleged deprivation of plaintiff's civil rights.

Thus, plaintiff has fails to state a claim for § 1983 liability as to Commander John Bambury or other unknown supervisors. Therefore, such claims are hereby dismissed with 30-days leave to file an amended complaint to replead these claims.

### D. Claims Against John and Jane Does

Based on plaintiff's allegation that he was acquitted of all the charges brought against him on May 5, 2006, see Complaint at 7, plaintiff is entitled to proceed on his claims against the "John Doe" police officers from the 83rd Precinct who arrested him in June 2005. The Court requests that the Corporation Counsel attempt to ascertain the full names and addresses of the

83rd Precinct police officers who were involved in the June 2005 arrest pursuant to Valentin v. Dinkins, 121 F.3d 72 (2d. Cir. 1997) (per curiam). The Corporation Counsel need not undertake to defend or indemnify these individuals at this juncture. This order merely provides a means by which plaintiff may name and properly serve the defendants as instructed by the Second Circuit in Valentin. The Corporation Counsel of the City of New York is hereby requested to produce the information specified above regarding the identities of the officers within 30 days from entry of this order.

IV.    **Sections 1981 and 1982 Claims**

Plaintiff also invokes the Court's jurisdiction under 42 U.S.C. §§ 1981 and 1982. Complaint at 20-22. Section 1981 provides that "[a]ll persons ... shall have the same right ... to make and enforce contracts, to sue, be parties, give evidence and to the equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens." Subsection (b) of 1981 defines "makes and enforce contracts" to include "the enjoyment of all benefits, privileges, terms and conditions of the contractual relationship." Brown v. City of Oneonta, 221 F.3d 329, 339 (2d Cir. 2000); see also Phillip v. Univ. of Rochester, 316 F.3d 291 (2d Cir. 2003). Thus, § 1981 "prohibits discrimination based on race in the making and enforcement of contracts ... and extends to private as well as state actors in that regard." Anderson v. Conboy, 156 F.3d 167, 170 (2d Cir. 1998) (citation omitted).

To establish a § 1981 claim, the plaintiff "'must allege facts in support of the following elements: 1) the plaintiff is a member of a racial minority; 2) an intent to discriminate on the basis of race by the defendant; and 3) the discrimination concerned one or more of the activities enumerated in the statute.'" Oliver v. Town of Woodbury, New York, et al., 281 F. Supp. 2d 674, 684 (S.D.N.Y. 2003), *quoting* Mian v. Donaldson, Lufkin & Jenrette Sec. Corp., 7 F.3d

7

1085, 1087 (2d Cir. 1993). Notwithstanding plaintiff's conclusory allegation of racial animus, plaintiff has failed to allege facts which would support a claim against any of the defendants based on § 1981. Specifically, plaintiff has failed to allege intentional discrimination and that such discrimination concerned one of the enumerated activities. Plaintiff's only allegation is that defendants deprived him of his right to "participate in the benefit of the bottle/can return laws without police interference." Complaint at 21, ¶ 110. This allegation does not appear to be related to his claims of false arrest by police officers from the 83rd Police Precinct and, like other portions of the complaint, appears to be taken from another complaint.

Section 1982, in turn, provides that "[a]ll citizens ... shall have the same right ... as enjoyed by white citizen ... to inherit, purchase, lease, sell, hold, and convey real and personal property." The same requirement that plaintiff plead intentional discrimination applies both to § 1981 and § 1982 claims. Rivera v. United States, 928 F.2d 592, 607-09 (2d Cir. 1991); Studifin v. New York City Police Department, No. 86 Civ. 5557, 1991 WL 60379, *4 (S.D.N.Y. April 8, 1991). In addition to making broad conclusory statements attributing racial animus to the police generally (Complaint at 22-24), plaintiff refers to two reports allegedly issued by the "Mollen Commission," and Amnesty International some 10 and more years ago. These reports purport to document certain improper practices of the NYPD during a period leading up to and possibly including 1994 or 1996. Complaint at 13, ¶79. These allegations as well the allegation that "in 100% of all cases identified and investigated by plaintiff and others like plaintiff, the defendants have destroyed personal property of said persons, without it being even examined by the state court judges...," appear to be taken from some other complaint and do not relate to the sole instance of false arrest at issue here. Complaint at 21. Indeed, as discussed above, plaintiff

8

specifically alleges that defendant Rodriguez filed a false criminal complaint simply to get attention and not out of racial bias. Complaint at 3, ¶10.

Moreover, even if plaintiff had stated a claim pursuant to § 1981 or § 1982, such claims as against the City would be subject to the same Monell requirement as the § 1983 claim and the same deficiencies of pleading. Olivera v. Town of Woodbury, New York, *et al.*, 281 F. Supp. 2d 674, 689 (S.D.N.Y. 2003). Plaintiff would have to plead the existence of a policy and a causal connection between the policy and the discriminatory act committed in violation of § 1981 or § 1982.

Thus, plaintiff has fails to state his claims for §§ 1981 and 1982. Therefore, such claims are hereby dismissed with 30-days leave to file an amended complaint to replead these claims.

## V. State Claims

In order to proceed against the City of New York and its employees for state law tort claims, plaintiff must file a notice of claim pursuant to N.Y. Gen. Mun. Law §§ 50-e, 50-i, within 90 days of the incident giving rise to the claim. See Hardy v. NYC Health & Hosps. Corp., 164 F.3d 789, 793 (2d Cir. 1999) (holding that in federal court, state notice-of-claim statutes apply to state law claims). "'Absent a showing of such a Notice of Claim, the complaint may be dismissed for failure to state a cause of action.'" Horvath v. Daniel, 423 F. Supp. 2d 421, 423 (S.D.N.Y. 2006), *quoting* Brown v. Metro. Transp. Auth., 717 F.Supp. 257, 259 (S.D.N.Y. 1989). In order to avoid dismissal, a plaintiff must plead in the complaint that: "(1) the Notice of Claim was served; (2) at least thirty days has elapsed since the Notice of Claim was filed and before the complaint was filed; and (3) in that time the defendant has neglected to or refused to adjust or to satisfy the claim." Id. The burden rests with the plaintiff to demonstrate compliance with the Notice of Claim requirement. Id.

9

Thus, plaintiff has fails to state his State law tort claims as against the City and its employees. Therefore, such claims are hereby dismissed with 30-days leave to file an amended complaint to replead these claims.

## CONCLUSION

Accordingly, the complaint is dismissed against defendant New York City Police Department. No summons shall issue against this defendant.

Plaintiff shall file an amended complaint within 30 days from the date of this Order as set forth above. The submission shall be entitled "AMENDED COMPLAINT" and shall bear the same docket number as this order, 06-CV-3002 (BMC). No summons shall issue against the City of New York, Commander John Bambury or against Migdalia F. Rodriguez at this time. All proceedings shall be stayed for 30 days or until the Amended Complaint is filed and the Corporation Counsel provides the names and addresses of the John Doe police officers as instructed above. A courtesy copy of this Order and the complaint shall be served on the Corporation Counsel for the City of New York.

This case is referred to the Honorable Lois Bloom, United States Magistrate Judge, for pretrial supervision. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: Brooklyn, New York
July 27, 2006

U.S.D.J.